*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BETTRIDGE/WICKINGS/SANDERSON, Minors.

UNPUBLISHED
June 22, 2023

No. 363144
St. Clair Circuit Court
Family Division
LC No. 21-000127-NA

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Petitioner removed respondent's four biological children from her care because it was reported that respondent had substance-abuse issues, mental-health issues, improperly supervised the children, and medically neglected the children. Respondent did not meaningfully participate in the services to which she was referred by petitioner, and she was unable to rectify her barriers to reunification with the children. Consequently, the trial court terminated respondent's parental rights to those four children. We affirm.

## I. BACKGROUND

The trial court granted the petition, and petitioner provided respondent with a treatment plan to help rectify her barriers to reunification with the children. The plan included substance-abuse treatment, random-drug screens, psychological assessments, parenting classes, outpatient counseling, and domestic-violence survivor services. At the beginning of the case respondent obtained employment, completed her parenting classes, and participated in a psychological evaluation and substance-abuse assessment.

Throughout the pendency of the case, however, respondent's participation became inconsistent. Petitioner reported that respondent would frequently stop participating with her services when she was with her boyfriend. This included her domestic-violence survivor program, which respondent participated in at the beginning of the case, but stopped attending a few months later.

Further, respondent stopped attending her substance-abuse treatment and mental-health services because she was "too busy." Respondent also stopped taking the medication that she was prescribed to address her mental-health issues and, even though respondent maintained that she

did not have a substance-abuse problem and was legally allowed to use marijuana with her medical-marijuana license, respondent tested positive for marijuana in all 13 drug screens that she completed out of the 18 screens for which she was scheduled. Additionally, on one occasion she tested positive for fentanyl and amphetamines, and on another occasion she tested positive for cocaine.

Petitioner also reported that respondent did not benefit from her parenting classes because she continued to struggle to parent the children during her parenting-time visits. Respondent would either ignore or reject suggestions made by the caseworker regarding how to better address the children's needs, and on one occasion respondent screamed and swore at a caseworker. Further, even though the two younger children were assessed as having special needs, respondent denied that the children had any behavioral or cognitive issues. The two younger children were referred to children's services for their special needs, and respondent did not attend any of the appointments with them. Respondent would often rely on her oldest child to watch her youngest child while she attended to the other children, and she also admitted that it was hard for her to parent all four children at the same time.

The two youngest children were placed together in the same foster home, and the two older children were placed together with their legal father. The two youngest children demonstrated a bond with their foster family, and the family ensured that the children received the special needs services that they required. The foster family expressed a desire to adopt the two younger children. Similarly, petitioner reported that the two older children were doing well in their biological father's care, and respondent testified that the bond between her and the two older children had deteriorated.

The termination hearing concluded more than nine months after the initial dispositional order, and the trial court found that there existed statutory grounds to terminate respondent's parental rights to the children under MCR 712A.19b(3)(c)(*i*), (g), and (j), as well as that termination of respondent's parental rights was in the children's best interest. Respondent now appeals.

## II. ANALYSIS

## A. STATUTORY BASIS

Respondent first argues that the trial court erred when it found statutory grounds to terminate her parental rights. "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

MCL 712A.19b(3)(c)(*i*) provides as follows:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

-2-

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

MCL 712A.19b(3)(c)(*i*) is appropriate "when the conditions that brought the children into foster care continue to exist despite time to make changes and the opportunity to take advantage of a variety of services." *In re White*, 303 Mich App at 710 (cleaned up).

In this case, there were more than 182 days between the initial dispositional order and the termination hearing. Therefore, the 182-day statutory period was satisfied. The conditions listed in the petition included respondent's substance-abuse issues, mental-health issues, and improper supervision of the children. The record demonstrates that respondent was inconsistent with her participation in the services that she was provided. Respondent stopped attending her substance-abuse treatment and tested positive for cocaine, fentanyl, and amphetamine during the pendency of the case. Additionally, respondent stated that she was no longer taking the medication prescribed to her for her mental health. Petitioner's caseworkers also reported that respondent did not show any improvement in her parenting skills as she delegated the supervision of her youngest children to her oldest child during parenting-time visits, and she refused to acknowledge that her two youngest children had special needs.

Given respondent's inconsistent engagement with the services that she was provided, we are not left with a definite and firm conviction that a mistake has been made. See *In re Ellis*, 294 Mich App at 33. "[T]he totality of evidence amply" supports that respondent "had not accomplished any meaningful change" in the conditions that led to adjudication because she had not addressed the conditions that led to her mental-health concerns and she continued to have substance-abuse issues while also admitting that she had difficulties parenting the four children at the same time. *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009). Therefore, the record supports that the trial court did not clearly err when it found by clear and convincing evidence that respondent's conditions continued to exist.

Because one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

B. BEST INTERESTS

Next, respondent argues that the trial court erred when it found that the termination of her parental rights was in the best interests of the children. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's ruling regarding best interests is reviewed for clear error. *In re Schadler*, 315

Mich App 406, 408; 890 NW2d 676 (2016). "A finding is clearly erroneous if, although there is evidence to support it, this Court is left with a definite and firm conviction that a mistake has been made." *In re Ellis*, 294 Mich App at 33.

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App at 713. With respect to the children's best interests, this Court places its focus on the children rather than the parent. *In re Moss*, 301 Mich App at 87. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (cleaned up). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714.

When considering the best interests of the two younger children, the trial court was presented with evidence demonstrating that the two younger children had special needs. The foster family that the two younger children were placed with was insuring that they received the services that they needed to facilitate their continued growth and development. This was in contrast to respondent, who did not attend any of the children's services and refused to acknowledge that the two younger children had special needs. Additionally, the caseworker testified that the two younger children were bonded with their foster family, and the foster family wanted to adopt the two younger children.

When considering the best interests of the two older children, the caseworker stated that they were doing well in their legal father's care. Respondent also testified that her bond with the two older children had deteriorated. Additionally, because they were placed with their legal father, the trial court did not need to consider the possibility of adoption. The trial court also correctly held that, at the time of respondent's termination hearing, MCL 712A.13a(1)(j) did not define a child's biological parent as a relative for the purposes of MCL 712A.19a(8)(a). *In re Schadler*, 315 Mich App at 413. Thus, the trial court was not required to weigh the two older children's placement with their biological father against the termination of respondent's parental rights.

Respondent's lack of parenting ability, and her unwillingness to take consistent steps to demonstrate that there would be finality to her substance-abuse and mental-health issues demonstrates that termination was in the children's best interests. See *In re Olive/Metts Minors*, 297 Mich App at 41-42.

Given the evidence presented in this case, we are not left with a definite and firm conviction that a mistake has been made. See *In re Ellis*, 294 Mich App at 33. Therefore, the record supports that the trial court did not clearly err when it found by a preponderance of evidence that termination and adoption was in the children's best interests.

III. CONCLUSION

The trial court did not err when it found clear and convincing evidence that a statutory basis existed to terminate respondent's parental rights because respondent's inconsistent participation

in her treatment plan did not rectify her barriers to reunification.  Similarly, a preponderance of the evidence supports the trial court's finding that termination of respondent's parental rights was in the children's best interests.

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica